**ARTHUR GLICK TRUCK SALES, INC., Plaintiff,**

v.

**H.O. PENN MACHINERY CO., Caterpillar, Inc. Defendants.**

**No. 04 CIV. 3988(SCR).**

United States District Court, S.D. New York.

July 30, 2004.

Gerald Orseck, Orseck Law Offices, Liberty, NY, Michael Davidoff, Drew, Garigliano & Davidoff, Monticello, NY, Gerald Orseck, Orseck Law Offices, Liberty, NY, for Plaintiff.

Eva Marie Ciko, Shazneen Rabadi Gandhi, Kirkpatrick & Lockhart LLP(Nyc), New York City, Aylin Abin, James H. Keale, Sedgwick, Detert, Moran & Arnold LLP, Newark, NJ, for Defendants.

MEMORANDUM DECISION
AND ORDER

ROBINSON, District Judge.

This case was brought on May 6, 2004 by Arthur Glick Truck Sales, Inc. ("Truck Sales") in Supreme Court in Sullivan County. Truck Sales asserted eight causes of action against defendants H.O. Penn Machinery Co., ("H.O.Penn") and Caterpillar, Inc. ("Caterpillar"). One claim sought money damages for violation of 15 U.S.C. § 1221 et seq., known as the Federal Automobile Dealers' Day in Court Act. Another sought injunctive relief to prevent the cancellation of its contract with H.O. Penn. Truck Sales obtained a temporary restraining order preventing cancellation of the contract in Supreme Court.

On May 26, 2004, H.O. Penn removed the case to federal court and made motions to dismiss and in opposition to the preliminary injunction; Caterpillar has made similar motions. The defendants argue that the contract included a termination clause which they have every right to exercise, and that Truck Sales was acting outside the boundary of the contract in any case.

The case was validly removed under 28 U.S.C. 1441, which permits removal to federal court of civil actions brought in state court that involve claims in which district courts have original jurisdiction.[1] Federal courts have original jurisdiction over cases involving federal questions, such as those posed under the Federal Automobile Dealer's Day in Court Act. 28 U.S.C. 1331.

On June 2, 2004, plaintiff filed a motion for remand and a stay of all proceedings pending resolution of that motion. Defendants opposed the motion. In its reply brief, Truck Sales voluntarily withdrew its claim under the Federal Automobile Dealers' Day in Court Act and argued that, as no federal claim was pending, the case should be remanded.

Once a case has been validly removed under 28 U.S.C. 1441, a District Court may exercise supplemental jurisdiction over remaining non-federal causes of action that arise from the same case or controversy. 28 U.S.C. 1367(a). Supplemental jurisdiction is not mandatory. A district court may decline to exercise supplemental jurisdiction if:

1) the claim raises a novel or complex issue of State law,

2) the claim substantially predominates over the claim or claims over which

1. Removal was not based on diversity of parties, because there is not complete diversity in this case: both plaintiff and defendant H.O. Penn Machinery Co. are New York corporations.

the district court has original jurisdiction,

3) the district court has dismissed all claims over which it has original jurisdiction, or

4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. 1367(c).

The concept of supplemental jurisdiction, codified in 28 U.S.C. 1367 in 1990, has its origins in the judicial doctrine of pendent jurisdiction, discussed by the United States Supreme Court in *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). In *Gibbs*, the Supreme Court held that "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law," 383 U.S. at 726, 86 S.Ct. 1130. "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie–Mellon University v. Cohill*, 484 U.S. 343, 350 n. 7, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988).

In 2003, the Second Circuit discussed the appropriateness of a district court's exercise of supplemental jurisdiction when there are no federal causes of action. *See Valencia v. Sung M. Lee*, 316 F.3d 299 (2d Cir.2003). In *Valencia* the plaintiffs conceded that they had no viable federal claims in October 1998. 316 F.3d at 303. Although most pretrial discovery had been completed, the Second Circuit describes this as a relatively early stage of the case, as no substantive motions had been filed, no judicial opinions had been issued, and the case was not yet ready for trial. 316 F.3d at 306. The defendant's motion for summary judgment was not made until 1999; the district court's opinion was not filed until June 1999; trial did not take place until July and August 2000; and the district court's dispositive opinion was not filed until December 2000. 316 F.3d at 307. The Second Circuit held that "[g]iven plaintiffs' abandonment of all federal claims in this case long before any decision on the novel and complex issues of state law became necessary, we conclude that the district court's exercise of supplemental jurisdiction to decide plaintiffs' state-law claims against the [defendant] was an abuse of discretion." 316 F.3d at 308.

In this case, the plaintiffs abandoned their sole federal claim before the Court decided the fully submitted motions for a preliminary injunction and to dismiss. No claims remain in which this court has original jurisdiction. Under *Valencia*, 28 U.S.C. § 1367(c), and in the interest of comity and judicial economy, the case should be remanded.

Defendant H.O. Penn argues that the fully submitted motion for a preliminary injunction should be decided before the motion to remand. It alleges that courts (except in labor cases) have traditionally decided motions for preliminary relief before resolving questions of federal jurisdiction, and notes that courts have considered the probability that there is a basis for jurisdiction as one of the factors in determining whether preliminary relief should issue. *See A.H. Bull S S Co. v. Nat'l Marine Engineers' Beneficial Ass'n*, 250 F.2d 332, 337–38 (2d Cir.1957). It acknowledges, however, that no authority requires a federal court to decide a motion for a preliminary injunction prior to a motion for remand. In this case, prioritizing the jurisdictional question and deciding the motion to remand as the action of this

court is appropriate, because no federal question remains in the case.

The case is remanded to New York State Supreme Court.

It is So Ordered.